# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DISVISION

|  |  |  |
|---|---|---|
| **AMY STRANGIS,** | : | |
| 67 Brooksedge Drive | : | Case No: **2:15-cv-2553** |
| Pataskala, Ohio 43602 | : | |
| | : | |
| *On behalf of herself and those* | : | **Judge:**_____ |
| *similarly situated,* | : | |
| | : | |
| **Plaintiff,** | : | **Magistrate Judge:**_____ |
| | : | |
| **vs.** | : | |
| | : | **COLLECTIVE ACTION COMPLAINT** |
| **J.P. MORGAN CHASE NATIONAL** | : | |
| **CORPORATE SERVICES, INC.** | : | |
| c/o *Statutory Agent* | : | **JURY DEMAND ENDORSED** |
| CT Corporation System | : | **HEREIN** |
| 1300 E. 9th St. | : | |
| Cleveland, Ohio 44114 | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## I.    Preliminary Statement

Plaintiff Amy Strangis, on behalf of herself and all similarly-situated individuals, brings this action under 29 U.S.C. § 216(b) and corresponding Ohio law against Defendant J.P. Morgan Chase National Corporate Services, Inc. Plaintiff seeks appropriate monetary, declaratory, and equitable relief resulting from Defendant's willful failure to compensate Plaintiff and similarly-situated individuals with overtime compensation as required by the Fair Labor Standards Act ("FLSA"), the Ohio Constitution, Article II, Section 34a ("§34a"), the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), and O.R.C. § 4113.15.

**II.    Jurisdiction and Venue**

1.    This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.    This Court has supplemental jurisdiction over Plaintiff's OMFWSA, Ohio law, and Ohio Constitutional claims pursuant to 28 U.S.C. § 1367.

3.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

**III.    Parties**

4.    Plaintiff Amy Strangis is an individual residing at 67 Brooksedge Dr., Pataskala, Ohio 43602.  Plaintiff regularly worked in excess of 40 hours per workweek during her employment with Defendant.

5.    Plaintiff has given written consent to bring this action to collect unpaid wages. The consent form accompanies the Complaint filing and is attached hereto as Exhibit A.

6.    Defendant J.P. Morgan Chase National Corporate Services, Inc. ("Chase") is a for-profit corporation registered to do business in Ohio.  Chase's principal place of business is 270 Park Avenue, New York, New York 10017.

7.    Defendant employed Plaintiff from January 8, 2001 to May 2, 2014.

8.    Defendant employed Plaintiff in various positions, but most recently as a "Senior Operations Analyst".

9.    The prospective Collective Action members are/were Defendant employees similarly situated to Strangis.

10.    During all relevant times, Plaintiff was an 'employee' as defined by the FLSA and the OMFWSA.

11.     During all relevant times, Defendant was an 'employer' as defined by the FLSA and the OMFWSA.

12.     Defendant is an enterprise engaged in the sale of goods crossing interstate lines within the meaning of the FLSA and OMFWSA.

13.     Defendant's gross annual revenue exceeds $500,000.

## IV.     Statement of Facts

14.     Defendant Chase is a financial institution with assets exceeding $2.5 trillion.  It provides multiple financial services, including investment banking, financial services for consumers and small businesses, commercial banking, financial transaction processing, and asset management.

15.     During all relevant times, Plaintiff Strangis was employed by Chase at its 3415 Vision Drive, Columbus, Ohio (Easton) location.

16.     During her employment with Chase, Plaintiff Strangis performed a variety of functions in multiple positions.

17.     From on or about February 1, 2011, through on or about late-May 2013, Strangis served Chase as one of several non-exempt Operations Analysts under the direction of John Berens.

18.     As an Operations Analyst, Strangis was responsible for reporting, remitting, and reconciling loans to be paid back to Chase investors.

19.     Generally, Strangis and other Operations Analysts would generate various monthly reports pertaining to loan payoffs, loan modifications, HAMP fees, late charge fees, service fees, and interest due using specifically prescribed checklists and tools (i.e. charts, formulas, and tables) provided by Chase.  Thereafter, Strangis would

present the completed reports to her immediate supervisor for review.  Following the supervisor's review of the reports, the supervisor would either present back to Strangis for needed revisions or sign off on the reports as being accurate.  Strangis would then either make the corrections or remit the accurate reports directly to the investor.  Finally, at or near the end of each month, Strangis and the other Operations Analysts would transmit wire payments to Chase investors as part of the loan reconciliation process.

20.  Chase properly classified the Operations Analyst position as non-exempt under the FLSA, and this classification was exemplified through its compensation of Operations Analysts on an hourly basis (as opposed to a salary basis).  In addition, and upon information and belief, Chase compensated all Operations Analysts at one and one-half (1.5) times their base hourly rate for each hour worked in excess of forty (40) during the defined workweek as mandated by FLSA and OMFWSA overtime regulations.

21.  During her employment as an Operations Analyst, Strangis regularly worked and was properly compensated for overtime at the statutorily required rate.

22.  On or about late-May 2013, Chase informed its Operations Analysts, including Strangis, that they would be given the new job title of "Senior Operations Analyst".

23.  In addition to this change in job title, Chase re-classified its Operations Analysts from non-exempt to exempt and converted their compensation from hourly to salaried.  This reclassification had the effect of eliminating premium overtime pay (i.e. 1.5 times the base hourly rate) for hours worked in excess of forty (40) during the defined workweek.

24.     Upon information and belief, this aforementioned job title and exemption status change was not only implemented on Chase's Easton campus, but also at other locations, including the Columbus, Ohio (Polaris) location.

25.     Despite the change in job title from Operations Analyst to Senior Operations Analyst, neither Strangis' nor her similarly situated colleagues' primary job duties were altered or modified in any significant manner.

26.     Following the change in job title from Operations Analyst to Senior Operations Analyst, Strangis and her similarly situated colleagues continued to regularly work overtime, but no longer received overtime compensation for hours worked in excess of forty (40) per defined workweek.

27.     As Senior Operations Analysts, neither Strangis nor her similarly situated colleagues were required to possess specialized educations or perform intellectual work necessitating discretion and judgment.

28.     As Senior Operations Analysts, neither Strangis nor her similarly situated colleagues possessed any supervisory or management responsibilities.

29.     As Senior Operations Analysts, both Strangis and her similarly situated colleagues performed functions directly related to Chase's investing services rather than work involving the support of Chase's general business (i.e. human resource staffing, public relations, payroll).

30.     As Senior Operations Analysts, neither Strangis nor her similarly situated colleagues performed work involving the exercise of independent judgment and discretion regarding matters of significance.

**V.      General Allegations related to Chase's Reclassification of Operations Analysts**

31.      Pursuant to the FLSA and OMFWSA, Plaintiff and similarly situated individuals are entitled to be paid at one and one-half times their normal hourly wage for any hours worked in excess of forty (40) in a defined workweek.

32.      Plaintiff and similarly situated individuals regularly worked more than forty (40) hours in a defined workweek.

33.      Defendant's failure to compensate individuals performing non-exempt Senior Operations Analyst job duties at the statutorily required rate for all hours worked in excess of forty (40) during a defined workweek is in violation of the FLSA and OMFWSA.

**VI.     Collective Action Allegations**

34.      Plaintiff brings this case as an "opt in" FLSA collective action on behalf of herself and all others similarly situated pursuant to 29 U.S.C. § 216(b).

35.      As Senior Operations Analysts, Plaintiff and her similarly situated class members performed the same or similar job duties as one another and were all denied overtime compensation despite regularly working in excess of forty (40) hours during the defined workweek.

36.      Plaintiff and her similarly situated class members were all subject to Chase's uniform illegal pay practice of failing to pay overtime compensation.

37.      The class members are owed overtime wages for the same reason as Plaintiff.

38.      Defendant's misclassification of Senior Operations Analysts as exempt employees does/did not depend on the personal circumstances of Plaintiff or those

joining this lawsuit. Rather, the same misclassification which resulted in Defendant's failure to pay overtime wages applies to all class members. Accordingly, the class members are defined as:

> **All Senior Operations Analysts and all other individuals/job-titles performing the same or similar duties as those described in paragraphs 18 and 19 of this Complaint, who worked for Defendant within the last three years, and who were not compensated at time-and-one half for all hours worked in excess of forty in one or more defined workweeks.**

39.     Defendant knowingly, willfully, and/or with reckless disregard reclassified formerly non-exempt employees as exempt despite their primary job duties not otherwise changing.  This reclassification resulted in Defendant failing to pay overtime compensation to Plaintiff and her similarly situated class members.

40.     Defendant did not act in good faith or in reliance upon any of the following in enacting this sweeping reclassification: (a) case law, (b) the FLSA, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

41.     Defendant has acted willfully in failing to pay Plaintiff and her similarly situated class members in accordance with the law.

## VII.    Claims for Relief

### COUNT ONE
### OHIO MINIMUM FAIR WAGE STANDARDS ACT (O.R.C. § 4111.03) – FAILURE TO PAY OVERTIME WAGES

42.     Plaintiff incorporates the allegations contained in paragraphs 1 through 41 as if fully restated herein.

43.     Plaintiff and her similarly situated class members worked more than forty hours in some workweeks.

44.     Defendant did not compensate Plaintiff and her similarly situated class members at least one and one-half times the normal hourly rate ("overtime rate") for time worked in excess of forty (40) hours per defined workweek.

45.     By failing to compensate Plaintiff and her similarly situated class members an overtime rate for time worked in excess of forty (40) hours in a defined workweek, Defendant has violated the OMFWSA.

**COUNT TWO**
**FAIR LABOR STANDARDS ACT –**
**FAILURE TO PAY OVERTIME WAGES**

46.     Plaintiff incorporates the allegations contained in paragraphs 1 through 45 as if fully restated herein.

47.     By failing to compensate Plaintiff and her similarly situated class members an overtime rate for time worked in excess of forty (40) hours in a defined workweek, Defendant has violated the FLSA.

**COUNT THREE**
**O.R.C. § 4113.15 –**
**FAILURE TO REMIT COMPENSATION BY REGULAR PAYDAY**

48.     Plaintiff incorporates the allegations contained in paragraphs 1 through 47 as if fully restated herein.

49.     At all relevant times, Defendant failed to remit premium overtime wage payments to Plaintiff and her similarly situated class members within 30 days of when such payments were due.

**COUNT FOUR**
**Ohio Constitution, Article II § 34(a) –**
**Failure to Maintain Wage and Hour Records**

50.     Plaintiff incorporates the allegations contained in paragraphs 1 through 49 as if fully restated herein.

51.     Article II, Section 34(a) of the Ohio Constitution requires employers to maintain records for each employee showing that employee's name, address, occupation, pay rate, hours worked for each day worked, and each amount paid to an employee for a period of not less than three years following the last date that the employee was employed.

52.     Upon information and belief, Defendant has failed and continues to fail to maintain proper records as mandated by Article II, Section 34(a) of the Ohio Constitution.

53.     By failing to create, keep, and preserve proper wage and hour records, Defendant has violated Article II, Section 34(a) of the Ohio Constitution.

## VIII.   Prayer for Relief

**WHEREFORE**, Plaintiff Strangis and her similarly situated class members are entitled to and pray for the following relief:

A.      Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly situated members of an opt-in class apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and her counsel to represent the collective action members;

B.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA, Ohio Constitution, Article II § 34(a), and OMFWSA;

C.      An award of unpaid wages due under the FLSA, the OMFWSA and O.R.C. § 4113.15;

D.      An award of liquidated damages as a result of Defendant's failure to pay

overtime compensation pursuant to 29 U.S.C. § 216;

E.      Liquidated damages under O.R.C. § 4113.15;

F.      An award of prejudgment and post judgment interest;

G.      An award of costs and expenses of this action together with reasonable

attorney's fees and expert fees; and

H.      Such other legal and equitable relief as this Court deems appropriate.


## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all questions of fact or combined questions of
law and fact raised by this Complaint.


Respectfully submitted,


 /s/ Jason E. Dawicke
Jason E. Dawicke (0073632)
**Dawicke Law, LLC**
PO Box 21354
Columbus, Ohio 43221
Telephone:  614.477.7301
E-mail: jdawicke@dawickelaw.com
Fax:  888.858.3063

*Counsel for Plaintiff Amy Strangis*